UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GERMAN AMERICAN FINANCIAL ADVISORS AND TRUST COMPANY as Trustee of the Robert G. Woodward, Sr. Roth IRA, | ) ) ) ) ) | |
| | ) | 3:14-cv-00118-RLY-WGH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JERRY C. RIGSBY, MARY F. RIGSBY, defaulted 10/23/2014, | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, German American Financial Advisors and Trust Company, as trustee of the Robert G. Woodward, Sr. Roth IRA ("German American"), allege that Defendants, Jerry and Mary Rigsby, defaulted on a promissory note. Plaintiff moves for summary judgment arguing that there is no dispute of fact that the promissory note came due and was not paid. Defendants did not respond.[1] For the reasons set forth below, the court **GRANTS** Plaintiff's motion.

**I.   Background**

---

[1] Defendants, acting pro se, filed a document requesting additional time to respond to the summary judgment motion. Along with that document, Defendants set forth an argument against summary judgment and attached exhibits in opposition to the motion for summary judgment. The Magistrate Judge ordered Defendants to file an amended response to the motion for summary judgment in compliance with the Federal Rules of Civil Procedure within thirty days. (Filing No. 21). Defendants failed to comply with this order. Thus, they are deemed to have not responded.

1

On June 29, 2009, the Rigsbys entered into a Promissory Note ("Note") with Wachovia Bank, Trustee of the Robert Woodward, Sr. Roth IRA for the principal amount of $200,000.00. (Promissory Note, Complaint Exhibit A). Wachovia assigned the Note to German American on June 11, 2012, which accepted it on June 19, 2012. (Assignment and Acceptance Exhibits, Complaint Exhibits B and C). The Note matured on June 22, 2014, with the principal amount due that day. To date, the Rigsbys have not paid the amount owed.

## II.     Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Discussion

Before discussing the merits of the lawsuit, the court must first consider what effect the clerk's entry of default against Mary Rigsby has on the present motion. The court will then consider the merits and what damages to award.

### A. Default against Mary Rigsby

The clerk entered default against Mary Rigsby on October 23, 2014. Nevertheless, the court may enter summary judgment against her because German American has not yet applied to the court for default judgment.[2] *See* Fed. R. Civ. P. 55(b)(2).

### B. Default on the Note

Pursuant to the Note, the Rigsbys were to pay the outstanding principal and any interest and penalties on June 22, 2014. (Exhibit A). Default occurs when the borrower fails to make any payment under the Note when due. Because the Rigsbys failed to make the $200,000.00 payment upon maturation of the Note, they have defaulted under the Note. Thus, German American is entitled to judgment in its favor.

### C. Damages and Attorneys' Fees and Costs

Pursuant to the Note, the Rigsbys now owe the principal of $200,000.00, a late charge of $10,000.00, and default interest in the amount of $82.19 per day computed at 15% per annum. The Rigsbys also owe attorneys' fees. German American is seeking those damages in this action and $13,853.69 in attorneys' fees. The court finds that German American is entitled to $210,000.00 under the note, plus post-judgment interest. However, the court will only award attorneys' fees in the amount of $4,403.60 at this time. The remaining $9,450.00 is an estimate provided by plaintiff's counsel. (James

---

[2] The court notes that German American filed a second proposed order regarding its summary judgment motion, with a new title granting summary judgment and entering default judgment. Rule 55 states that a "party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, the court will not enter default judgment without the requisite motion.

Johnson Affidavit ¶ 13). Plaintiff may file for any additional fees expended since the filing of its motion for summary judgment within thirty (30) days.

**IV.    Conclusion**

In conclusion, the court finds that Jerry and Mary Rigsby defaulted under the Note, and thus, the court **GRANTS** German American's motion for summary judgment (Filing No. 9). The Rigsbys are required to pay German American the amount of $214,403.60 (which includes the principal, late charge, and attorneys' fees) plus post-judgment interest. German American has **thirty days (30)** to request an award of additional attorneys' fees.

**SO ORDERED** this 17th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record and

Copy Mailed to:

Jerry C. Rigsby
1220 S. Kings Drive
Charlotte, NC 28207

Mary F. Rigsby
1220 S. Kings Drive
Charlotte, NC 28207

4